UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:13-cr-49-GFVT-HAI-2 |
| V. | ) ) ) | |
| CHRISTOPHER BENTLEY, | ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 402] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Christopher Bentley, is charged with three violations of his supervised release conditions. *Id.* at 2. These three violations include the use of a controlled substance not prescribed by a physician and committing another state, federal, or local crime. *Id.* Judgment was originally entered against the Defendant in December 2014, after Mr. Bentley pled guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 1. He was originally sentenced to 46 months followed by a three-year term of supervised release. *Id.* Mr. Bentley began his term of supervised release on December 6, 2017. *Id.*

On September 7, 2018, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id.* This report alleged three violation. *Id.*

First, the Report stated that the Defendant submitted a urine sample that tested positive for methamphetamine. *Id.* In response to this result, the Defendant signed an admission that he

"wanted to have some fun and used methamphetamine and hydrocodone with 'a couple of girls' approximately three years ago." *Id.* Based on this admission the Defendant was charged with violating Standard Condition #7 of his supervised release which prohibits the use of any controlled substance except as prescribe by a physician. *Id.* at 2. This is a Grade C violation.

Second, the Report charged the Defendant with two violations of the condition that he refrain from committing another federal, state, or local crime. *Id.* Both violations stem from the Defendant's confession that he used both methamphetamine and hydrocodone. *Id.* Under Sixth Circuit precedent, a supervised releasee who uses a controlled substance is considered to have possessed that controlled substance. *United States v. Crace,* 207 F.3d 833 (6th Cir. 2000). Therefore, Bentley's confession established his possession of methamphetamine and Hydrocodone, both Schedule II controlled substances. As such his conduct would be a Class E felony under 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. Each of these offenses is a Grade B violation.

At the final revocation hearing, held on November 5, 2018, Bentley competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 402.] On November 6, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Bentley's supervised release and a term of five months of imprisonment followed by a two-year term of supervised release. *Id.* at 7.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence and noted that Mr. Bentley received a below Guidelines sentence for his conviction. *Id.* at 6. Prior leniency provides grounds for imposing a harsher sentence upon revocation. This is particularly true where, as here, the defendant was given a significant

downward departure of eleven months. To this point, a violation is also a serious breach of the Court's trust. The Defendant's casual attitude towards his conditions of release whether here or when his bond was revoked for drug use shows a need for an above the minimum sentence of revocation.

In determining an appropriate recommended sentence, the Magistrate Judge also pointed to the serious nature and the circumstances of the Defendant's underlying conviction. He noted that Bentley had obtained pseudoephedrine so co-conspirators could make meth and was also addicted to hydrocodone at the time of that crime. Therefore, the meth and hydrocodone use shows a connection to the underlying conspiracy conviction and reveals the Defendant's willingness to continue to engage in criminal activity. In analyzing the severity of the offense, Judge Ingram properly gave credit to the Defendant for his candor to the Court and his Probation Officer.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Bentley submitted a waiver of allocution. [R. 403.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge

Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 402**] as to Defendant Christopher Bentley is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Bentley is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Bentley's Supervised Release is **REVOKED**;

4. Mr. Bentley is **SENTENCED** to the Custody of the Bureau of Prisons for a term of five months of imprisonment:

5. It is further **RECOMMENDED** that Mr. Bentley be:

    a) Placed in in the incarceration facility closest to his home;

    b) Allowed to serve as much of the time as possible while in a halfway house;

    c) Given credit for the time he was detained in the Clay County Detention Center by detainer pursuant to his arrest warrant;

6. A two-year term of supervised release under the same conditions originally imposed along with the following additional conditions:

    a) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may

conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

b) You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in your possession, custody or control. The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in your possession, custody, or control at the time of the report;

c) You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release. You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs;

d) You must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications; and

e) You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

This the 10th day of December, 2018.

Gregory F. Van Tatenhove
United States District Judge