UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | Criminal No. 6:13-CR-00049-GFVT-HAI |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CHRISTOPHER BENTLEY, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 479.] Defendant Christopher Bentley has been charged with violations of his supervised release. Following the final hearing before Magistrate Judge Hanly A. Ingram, Judge Ingram issued a Recommended Disposition concerning Mr. Bentley's alleged violations. [R. 479.] Mr. Bentley does not object to the Recommended Disposition and has waived his right to allocution. [R. 480.] For the reasons that follow, the Recommended Disposition [R. 479] will be adopted as the Court's opinion.

**I**

**A**

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. In addition to what the Court summarizes in its discussion below, the Court incorporates Judge Ingram's discussion of the record into this Order.

On December 16, 2014, this Court entered judgment against Mr. Bentley after he plead guilty to one count of conspiracy to manufacture methamphetamine. [R. 321 at 1.] This Court sentenced Mr. Bentley to forty-six months imprisonment, followed by three-years supervised release. [*Id.*] Mr. Bentley began his first term of supervised release on December 6, 2017. [R. 459 at 1.]

On September 7, 2018, the Defendant's supervised release was revoked for the first time after he was found guilty of three violations. [*Id.* at 1–2.] These violations each stemmed from Mr. Bentley testing positive for methamphetamine and hydrocodone and his subsequent admission to use of both of these drugs. [*Id.*] As a result of these violations, Mr. Bentley was sentenced to five months of imprisonment, followed by twenty-four months of supervised release. [*Id.* at 2.] On March 26, 2019, another USPO report was filed alleging an additional violation by Mr. Bentley relating to conduct on the day he was released from prison, March 22, 2019. [*Id.*] The violation, however, was eventually dismissed for procedural reasons. *Id.* On April 12, 2019, Mr. Bentley was again released and continued his additional term of supervision. [*Id.*]

On February 7, 2020, the Defendant's supervised release was revoked for a second time after he was found guilty of two violations. [R. 465.] These violations each stemmed from Mr. Bentley's September 15, 2019 arrest in Clay County, Kentucky. *Id.* As a result of these violations, Mr. Bentley was sentenced to nine-months imprisonment, followed by twelve months of supervised release. *Id.*

On September 9, 2020, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. [R. 479.] Mr. Bentley made his initial appearance on September 21, 2020 and was remanded to custody at that time. [*Id.* at 3; R. 471.]

The Report issued by the USPO charged Mr. Bentley with a single violation following a September 8, 2020 arrest for three violations of state law. [*Id.*] Specifically, Violation #1 alleges that Mr. Bentley violated the condition of his supervised release which requires him to not commit another federal, state, or local crime. [*Id.*] Such conduct would constitute a Grade C violation. [*Id.*] On September 21, 2020, the USPO issued an Addendum to the Report that included a second violation charging Mr. Bentley with violating the condition that requires him to abstain form the use of alcohol. [*Id.*] In light of Mr. Bentley's DUI arrest, this is also a Grade C violation. [*Id.*]

At the final hearing before Judge Ingram on October 15, 2020, Mr. Bentley contested both violations and an evidentiary hearing was held. [*Id.* at 4; R. 477.] The Government presented the arresting officer as a witness, and the Defendant presented family members and a probation officer as witnesses on his behalf. [*Id.* at 11.] Based upon the testimony and evidence introduced, Judge Ingram found that the DUI Offense, as described in Violation #1, was established by a preponderance of the evidence. [*Id.*] Further, based upon Mr. Bentley's impaired driving ability, Judge Ingram found that the violation of subsection (1)(e), as described in Violation #2, was established by a preponderance of the evidence. [*Id.*]

At the conclusion of the final hearing, the parties did not offer a jointly recommended sentence. [*Id.* at 12-13.] The United States argued for twelve months and a day of imprisonment, along with twelve months of supervised release. [*Id.*] Defense counsel argued for six months of imprisonment with one year of supervised release. [*Id.*]

Judge Ingram then issued a Recommended Disposition, recommending that Mr. Bentley be found guilty of both Violations #1 and #2. [*Id.* at 16.] Ultimately, Judge Ingram

recommended revocation of Mr. Bentley's supervised release and a term of twelve months and a day of imprisonment, followed by a twelve-month term of supervised release. [*Id.*]

B

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). On November 4, 2020, Mr. Bentley filed a response to the Recommended Disposition, noting that he had no objections to Judge Ingram's recommendation. [R. 480.] This Court has considered the record, and it ultimately agrees with Judge Ingram's recommendation.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Hanley A. Ingram's Report and Recommendation [**R. 479**] as to Defendant Christopher Bentley is **ADOPTED** as and for the Opinion of the Court;

2. Christopher Bentley is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation Office, the Addendum, and the Recommended Disposition of the Magistrate Judge;

3. Mr. Bentley's supervised release is **REVOKED**;

4. Mr. Bentley is **SENTENCED** to the Custody of the Bureau of Prisons for a term of imprisonment of twelve months (12) and one (1) day; and

5. Following his release from incarceration, Mr. Bentley is to be placed on

supervised release for a term of twelve months under the conditions originally imposed.

This the 1st day of December, 2020.

Gregory F. Van Tatenhove
United States District Judge